UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PETER E. DEUTSCH,                                :

               Plaintiff/Petitioner, and     :   Case No. 13 CV 5460 (RPP)

RECEIVER ROBERT SEIDEN,                          :

               Plaintiff/Petitioner,         :

  -against-                                      :

ZST DIGITAL NETWORKS, INC.,                      :

               Defendant/Respondent,         :

  -and-                                          :

KING & WOOD MALLESONS,                           :

               Garnishee.                    :
------------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF
KING & WOOD MALLESONS' MOTION TO DISMISS

DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
(212) 692-1000
Attorneys for Garnishee King & Wood Mallesons

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................................................ii

Preliminary Statement..........................................................................................................1

Background ..........................................................................................................................3

      A.      The Petition.................................................................................................. 3

      B.      KWM Is a Swiss Verein Whose Member Firms Are Independent Partnerships................................................................................................. 5

      C.      The Guesswork Underlying the Petition Is Baseless ............................... 7

POINT I  KWM IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK............7

      A.      Applicable Law........................................................................................... 7

      B.      General Jurisdiction Does Not Exist Under CPLR § 301......................... 8

      C.      The Exercise of Personal Jurisdiction Would Offend Due Process....... 12

POINT II  THE PETITION FAILS TO STATE FACIALLY PLAUSIBLE CLAIMS OR TO MEET RULE 9(b)'S PARTICULARITY REQUIREMENTS.....................13

CONCLUSION..................................................................................................................16

## TABLE OF AUTHORITIES

Cases

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S. Ct. 1937 (2009).................................................................................13

Ball v. Metallurgie Hoboken Overpelt,
    902 F.2d 194 (2d Cir. 1990)................................................................................................7-9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 127 S.Ct. 1955 (2007)....................................................................................13

Bradley v. Staubach,
    2004 U.S. Dist. LEXIS 6584 (S.D.N.Y. Apr. 12, 2004).......................................................13

Bucephalus Alt. Energy Grp. LLC v. KCR Dev.,
    2009 U.S. Dist. LEXIS 120950 (S.D.N.Y. Dec. 23, 2009) ....................................................9

Howard v. Klynveld Peat Marwick Goerdeler,
    977 F.Supp. 654 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999)................................11

In re AM Int'l, Inc. Secs. Litig.,
    606 F. Supp. 600 (S.D.N.Y. 1985) .......................................................................................11

In re Lernout & Hauspie Secs. Litig.,
    230 F. Supp. 2d 152 (D. Mass. 2002) ............................................................................ 10-11

In re Royal Ahold N.V. Secs. & ERISA Litig.,
    351 F. Supp. 2d 334 (D. Md. 2004) .....................................................................................12

In re Sharp Int'l Corp.,
    403 F.3d 43 (2d Cir. 2005)...................................................................................................14

In re Worldcom, Inc. Sec. Litig.,
    2003 WL 21488087 (S.D.N.Y. June 25, 2003) ...................................................................11

Kalimantano GmbH v. Motion in Time, Inc.,
    2013 U.S. Dist. LEXIS 53309 (S.D.N.Y. Apr. 12, 2013).....................................................14

Metro. Life Ins. Co. v. Robertson-Ceco Corp.,
    84 F.3d 560 (2d Cir. 1996).....................................................................................................7

Nuevo Mundo Holdings v. PwC LLP,
    2004 U.S. Dist. LEXIS 780 (S.D.N.Y. Dec. 9, 2004) ..........................................................10

Porina v. Marward Shipping Co.,
    2006 U.S. Dist. LEXIS 60535 (S.D.N.Y. Aug. 24, 2006) .......................................................7

Reingold v. Deloitte Haskins & Sells,
    599 F. Supp. 1241 (S.D.N.Y. 1984) ............................................................................... 11-12

Royal Palm Senior Investors, LLC v. Carbon Capital II, Inc.,
    2009 U.S. Dist. LEXIS 57452 (S.D.N.Y. July 7, 2009) .................................................. 14-16

Seldon v. Direct Response Tech., Inc.,
    2004 U.S. Dist. LEXIS 5344 (S.D.N.Y. Mar. 30, 2004) .......................................................8

Shakour v. Fed. Republic of Germany,
    199 F. Supp. 2d 8 (E.D.N.Y. 2002) .......................................................................................9

Stutts v. De Dietrich Group,
    465 F. Supp. 2d 156 (E.D.N.Y. 2006) .................................................................................11

Taylor Devices, Inc. v. Walbridge Aldinger Co.,
    538 F. Supp. 2d 560 (W.D.N.Y. 2007) .................................................................................8

Yurman Designs, Inc. v. A.R. Morris Jewelers, L.L.C.,
    41 F. Supp.2d 453 (S.D.N.Y. 1999) .................................................................................. 8-9

Statutes

CPLR § 301 ................................................................................................................................ 8-9

CPLR § 302 ....................................................................................................................................8

Fed. R. Civ. P. 9(b) ............................................................................................................. 1, 13-15

Fed. R. Civ. P. 11 ..........................................................................................................................7

Fed. R. Civ. P. 12(b)(2) ............................................................................................................. 1, 7

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 1, 3, 13

Other Authorities

From the Big Four to Big Law: The Swiss Verein and the Global Law Firm,
    22 Geo. J. Legal Ethics 1177 § 276 .....................................................................................12

N.Y. Debtor and Creditor Law § 276 ..................................................................................... 3-4, 14

N.Y. Debtor and Creditor Law § 276.a ..........................................................................................4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PETER E. DEUTSCH,                              :

            Plaintiff/Petitioner, and          :   Case No. 13 CV 5460 (RPP)

RECEIVER ROBERT SEIDEN,                        :

            Plaintiff/Petitioner,              :

    -against-                                  :

ZST DIGITAL NETWORKS, INC.,                    :

            Defendant/Respondent,              :

    -and-                                      :

KING & WOOD MALLESONS,                         :

            Garnishee.                         :
------------------------------------------------------------x
```

MEMORANDUM OF LAW IN SUPPORT OF
KING & WOOD MALLESONS' MOTION TO DISMISS

Preliminary Statement

This memorandum is submitted on behalf of "garnishee" King & Wood Mallesons ("KWM") in support of its motion to dismiss the petition of petitioners Peter E. Deutsch ("Deutsch") and Robert Seiden ("Seiden") (together referred to as "Petitioners'), pursuant to Fed. R. Civ. P. 12(b)(2), 12 (b)(6), and 9(b), based on lack of personal jurisdiction, failure to state a claim, and failure to plead fraud with particularity.

Not content to have sued Duane Morris LLP ("Duane Morris") – the law firm representing defendant ZST Digital Networks, Inc. ("ZST") in the United States – Petitioners have now followed up with a second proceeding against another law firm which is also trying to

protect ZST's interests. The other firm – the Hong Kong office of King & Wood Mallesons ("KWM Hong Kong") – does not do business in New York, has no property in New York, and is not alleged to have engaged in any conduct in New York. Despite KWM Hong Kong's total lack of contacts with New York, Petitioners allege that the Court can nevertheless exercise personal jurisdiction over KWM on the ground that it "is a multinational law firm conducting business in New York with an office located on the 42nd Floor of 444 Madison Avenue, New York, NY 10022." (Petition ¶ 3.) They are mistaken.

As the Legal Notice published on KWM's website explicitly states, KWM "refers to the network of firms which are members of the King & Wood Mallesons network, which operates under a Swiss Verein structure. Each of the member firms is a separate partnership and neither the member firm nor any of its partners acts as agent of the Verein or of any other member firm." (A copy of the Legal Notice is annexed as Exhibit A to the accompanying declaration of Barbara Chiu, dated August 15, 2013, the "Chiu Decl.") The Legal Notice goes on to state, contrary to the conclusory jurisdictional allegation in the Petition, "[t]he Verein, the member firms and/or their partners are <u>not</u> part of a separate worldwide partnership." (Chiu Decl. Ex. A; emphasis added.)

While one of KWM's member firms has an office at 444 Madison Avenue, New York, NY ("KWM NYC"), the New York member firm is a completely independent New York limited liability company which operates autonomously and has no attorney-client relationship with any of KWM Hong Kong's clients. (<u>See</u> Exhibit B to the accompanying declaration of James Y. Jiang, dated August 12, 2013, the "Jiang Decl.") Since KWM NYC and KWM Hong Kong are independent entities which are not part of a global partnership, and no other basis of personal

jurisdiction has been alleged, this Court lacks jurisdiction over KWM, and the Petition should be dismissed.

Even if Petitioners could somehow overcome this insurmountable jurisdictional problem – and they cannot – the Petition would still have to be dismissed under Fed. R. Civ. P. 12(b)(6) because it does not state a plausible claim. The only thing the Petition alleges that KWM Hong Kong did was wire $25,000 to Duane Morris in payment of its advance fee retainer on May 13, 2013. (See, for example, Petition ¶ 10.) Nothing prohibited KWM from wiring that payment to Duane Morris at that time. Moreover, as the Chiu Declaration establishes, KWM Hong Kong did not transmit ZST's funds to Duane Morris. The payment that KWM Hong Kong made to Duane Morris came from two individual KWM Hong Kong clients who put up the money needed to finance ZST's defense. There is no theory under which Petitioners have the right to compel the turnover of funds which do not belong to ZST, and Petitioners offer none. The Petition rests entirely on generalized allegations that have been made without any good faith basis and that do not satisfy the requirement that fraud be pled with particularity. Accordingly, the Petition is legally insufficient and should be dismissed.

## Background

A.  The Petition

The Petition was filed on August 5, 2013, more than a month after Duane Morris moved to dismiss a similar Petition on the ground that it was premature because it sought to enforce a judgment before a judgment had actually been entered. (A copy of the memorandum of law Duane Morris submitted in support of its motion to dismiss and the arguments made therein are incorporated herein; see Docket No. 13 CV 4571, ECF Doc. Nos. 14, 19.) Without even attempting to cure this fatal flaw, Petitioners filed a new Petition against another law firm in which they purported to state three "causes of action."

The first claim seeks relief under Section 276 of New York's Debtor and Creditor Law. It alleges that KWM Hong Kong made a fraudulent conveyance by wiring an advance fee retainer to Duane Morris on May 13, 2013, using ZST funds. If Petitioners had a good faith basis for alleging that the funds KWM Hong Kong wired to Duane Morris belonged to ZST, they do not indicate what the basis of their belief was. They did not even make this allegation "on information and belief." Instead, they appear to have filed the Petition accusing a law firm of making a fraudulent conveyance by facilitating the payment of a retainer to another law firm based on nothing more than assumptions, suspicion, and surmise. No objective facts giving rise to a reasonable inference of fraud on KWM's part are alleged.

The second claim seeks attorneys' fees under Section 276-a of New York's Debtor and Creditor Law in the event that Petitioners can show that KWM made a conveyance prohibited by Section 276 with an actual intent to defraud. Like Petitioners' first claim, it does not plead fraud with particularity.

Finally, in their third claim, Petitioners seek the turnover of funds belonging to ZST which are in KWM's possession.

The Petition does not allege that KWM did anything in New York. On the contrary, Paragraphs 9 and 27 of the Petition make identical assertions that "King & Wood serves as ZSTN's counsel in Hong Kong . . . ." And Paragraph 33 alleges that, "[a]s Hong Kong counsel for ZSTN, King & Wood indisputably had knowledge of the Receiver Order. . . ." Apart from these references to KWM Hong Kong, the Petition makes no attempt to differentiate between KWM, KWM NYC, and KWM Hong Kong. It simply treats them as if they were interchangeable. Since KWM is not alleged to have done anything in New York that would make it subject to personal jurisdiction here, the Petition instead alleges that "[t]he Court has

personal jurisdiction over the King & Wood Mellesons [sic], a Garnishee, as it is a multinational law firm conducting business in New York with an office located on the 42nd Floor of 444 Madison Avenue, New York, NY 10022." (Petition ¶ 3.) Thus, Petitioners based personal jurisdiction in New York solely on their unsubstantiated belief that KWM is a global law partnership with a presence in this State. But, had Petitioners simply looked at the Legal Notice section of KWM's website prior to filing their Petition (Chiu Decl. Ex. A), they would have known that they were mistaken.

According to the affidavit of service that Petitioners filed, they served the Petition on KWM NYC. (ECF Doc. No. 4.) The Petition was never served on KWM Hong Kong or KWM.

B.  <u>KWM Is a Swiss Verein Whose Member Firms Are Independent Partnerships</u>

KWM is not a single partnership with offices all over the world. It is, rather, a Swiss Verein made up of a network of separate and independent partnerships and limited liability companies operating under the King & Wood Mallesons brand name. As the Legal Notice on the KWM website discloses:

> King & Wood Mallesons refers to the network of firms which are members of the King & Wood Mallesons network, which operates under a Swiss Verein structure. Each of the member firms is a separate partnership and neither the member firm nor any of its partners acts as agent of the Verein or of any other member firm.
>
> The Verein (KWM International) is an international umbrella entity organised as a verein incorporated under Swiss law and does not provide services to clients. Legal services are provided independently by each of the member firms.
>
> The Verein, the member firms and/or their partners are not part of a separate worldwide partnership. The Verein is not responsible or liable for the acts or omissions of any of its member firms nor can it control the exercise of their professional judgment or bind them in any way. No member firm or any of its partners is responsible or liable for the acts or omissions of any other member firm or of

>  the Verein in any way. No individual partner in any member firm
>  has authority to bind any other member firm.

(Chiu Decl. Ex. A.)

Consistent with the Legal Notice, KWM Hong Kong and KWM NYC are separate legal entities. KWM NYC is a New York limited liability company which was organized as King & Wood, LLC in 2007 and renamed King & Wood Mallesons, LLC in 2012. (See Jiang Ex. B.) As a completely separate New York limited liability company, KWM NYC does not share profits and losses with any other firm that is part of the KWM network, including KWM Hong Kong, nor does KWM NYC have an attorney-client relationship with the clients of other member firms. Each of the member firms is financially independent of the other firms, makes its own hiring decisions, chooses its own clients, and handles its own matters. (Jiang Decl. ¶ 3.)

KWM Hong Kong does not do business in New York. It has no offices, employees, or bank accounts or other property in New York, and does not solicit business in New York. (Chiu Decl. ¶ 4.) KWM Hong Kong's clients are not KWM NYC's clients and have no attorney-client relationship with KWM NYC, nor does KWM NYC have a say in determining whether KWM Hong Kong can represent a particular client. KWM NYC has never represented ZST. (Jiang Decl. ¶ 4.)

The Petition does not allege that KWM NYC acted on behalf of KWM Hong Kong with respect to ZST. It also does not allege that KWM Hong Kong controlled the actions of KWM NYC, or vice versa. Instead, Petitioners put all of their eggs in the global partnership doing business in New York basket. Since that allegation is factually baseless, no grounds for exercising personal jurisdiction over KWM Hong Kong (or, for that matter, KWM) exists, and the Petition should be dismissed.

C.     The Guesswork Underlying the Petition Is Baseless

All of Petitioners' claims rest on the same erroneous assumption – that KWM Hong Kong used funds belonging to ZST to pay Duane Morris. If Petitioners had any good faith basis for making this claim, it is not evident from anything they allege in the Petition. In actuality, the source of funds KWM Hong Kong wired to Duane Morris was not ZST, but two individuals – Zhong Bo and Xue Na. (Chiu Decl. ¶ 7.)

Even if ZST had been the source of the funds KWM Hong Kong wired to Duane Morris on May 13, 2013, Petitioners could not complain. No order of this Court or the Delaware Chancery Court prohibits ZST from making any payments whatsoever. At most, the Delaware Chancery Court issued an order dated March 28, 2013 – an order which this Court was never asked to domesticate – which provides that Seiden's expenses must be approved by the Chancery Court and have priority over other ZST obligations. (See Declaration of David Graff, dated August 5, 2013, "Graff Decl.," Ex. B.) The very first time the Chancery Court issued an order authorizing payment of Seiden's expenses was after KWM had already wired funds to cover the advance fee retainer to Duane Morris. (See Docket No. 13 CV 4571, ECF Doc. No. 20 at Ex. E.) Thus, had the funds come from ZST – which was not the case – KWM Hong Kong would have been free to use them.

POINT I

KWM IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK

A.     Applicable Law

On a motion to dismiss under Fed. R. Civ. P. 12(b)(2), "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). Where, as in this case, no discovery has been conducted, "a plaintiff challenged by a jurisdiction testing motion may defeat the motion by

- 7 -

pleading in good faith, *see* Fed. R. Civ. P. 11, legally sufficient to allegations of jurisdiction." Ball v. Metallurgie Hoboken Overpelt, 902 F.2d 194, 197 (2d Cir. 1990); Porina v. Marward Shipping Co., 2006 U.S. Dist. LEXIS 60535, *9 (S.D.N.Y. Aug. 24, 2006) ("If jurisdiction is challenged prior to discovery, the Plaintiff may defeat the motion by a good-faith pleading of legally sufficient allegations"). To sustain this burden, Plaintiffs have to persuade the Court that their "factual allegations constitute a *prima facie* showing of jurisdiction." Ball, supra, 902 F.2d at 197. Accord Taylor Devices, Inc. v. Walbridge Aldinger Co., 538 F. Supp. 2d 560, 578 (W.D.N.Y. 2007) ("A plaintiff makes a *prima facie* showing of personal jurisdiction when the unrebutted allegations or averments reasonably support a finding that the prerequisites for long-arm jurisdiction have been established").

In ruling on a motion to dismiss for lack of personal jurisdiction, the court must decide two things: whether (1) the "plaintiff has shown that the defendant is subject to personal jurisdiction under the forum state's laws" and (2) the "assertion of jurisdiction pursuant to the forum state's laws comports with the requirements of due process." Seldon v. Direct Response Technologies, Inc., 2004 U.S. Dist. LEXIS 5344, *8 (S.D.N.Y. Mar. 30, 2004). Petitioners cannot sustain their burden of showing that they have alleged, in good faith, a legally sufficient basis for finding that KWM is subject to personal jurisdiction under New York law and that the assertion of jurisdiction over it comports with due process.

B.  General Jurisdiction Does Not Exist Under CPLR § 301

Where the defendant is not a resident of the forum state, personal jurisdiction is determined by the law of the state in which the district court is located. Yurman Designs, Inc. v. A.R. Morris Jewelers, L.L.C., 41 F. Supp. 2d 453, 457 (S.D.N.Y. 1999) ("Personal jurisdiction over a non-resident defendant is determined by the law of the jurisdiction in which the federal court sits"). New York's jurisdictional requirements are set forth in CPLR §§ 301 and 302.

Petitioners seem to be relying on CPLR § 301 here.[1] It provides that "a court may exercise jurisdiction over persons, property, or status as might have been exercised heretofore." Rule 301 thus codifies "the traditional common law bases of personal jurisdiction such as presence, consent, domicile, and 'doing business.'" Shakour v. Fed. Republic of Germany, 199 F. Supp. 2d 8, 15 (E.D.N.Y. 2002) (citation omitted).

A court may exercise general jurisdiction over a non-resident defendant under CPLR § 301 only "if that person (1) is physically present in New York when served with process; (2) consents to jurisdiction in New York; or (3) has engaged in such a continuous and systemic course of doing business here that a finding of its presence in this jurisdiction is warranted." Bucephalus Alt. Energy Grp. LLC v. KCR Dev., 2009 U.S. Dist. LEXIS 120950, *7 (S.D.N.Y. Dec. 23, 2009). There is no basis for asserting jurisdiction over KWM on any of these bases. First, Petitioners did not serve KWM with process in New York or anywhere else. The only entity Petitioners served in New York is KWM NYC and, as we explain more fully below, it is a separate and independent limited liability company which is not itself alleged to have engaged in any of the conduct to which Petitioners object. Next, there is no allegation that KWM consented to jurisdiction in New York. Finally, KWM does not do business in New York.

Paragraph 3 of the Petition constitutes its sole jurisdictional allegation. It alleges in its entirety: "The Court has personal jurisdiction over the King & Wood Mellesons [sic], as Garnishee, as it is a multinational law firm conducting business in New York with an office located on the 42nd Floor of 444 Madison Avenue, New York, NY 10022." This superficial and

---

[1] CPLR § 302 is New York's long-arm statute. It authorizes courts to exercise jurisdiction over defendants where the cause of action arises out of acts occurring in or directed to New York. The Petition does not allege any conduct of this sort.

broadly worded allegation does not come close to meeting Petitioners' burden of pleading "in good faith . . . legally sufficient allegations of jurisdiction." Ball, supra, 902 F.2d at 197.

Petitioners' allegation that KWM is a "multinational law firm conducting business in New York" is mistaken. KWM is not actually a single law firm, but a network of separate partnerships and limited liability companies operating under a Swiss verein structure, with each member firm operating autonomously. As such, KWM NYC – which the Petition incorrectly depicts as the New York office of a multinational partnership – is a separate limited liability company organized and existing under New York law. (Jiang Ex. B.) Although it uses the same brand name as KWM Hong Kong, that is not enough to establish that KWM Hong Kong and KWM NYC are part of a single entity.

A Swiss Verein has been defined as "'an entity without an exact legal counterpart in the United States, but which is somewhat akin to an incorporated membership association. It is legally distinct from its members.'" In re Lernout & Hauspie Secs. Litig., 230 F. Supp. 2d 152, 171 (D. Mass. 2002) (citation omitted). When confronted with allegations that a Swiss Verein can be sued based on the actions of one of its members, "courts have declined to treat different firms as a single entity, holding them liable for one another's acts, simply because they shared an associational name and/or collaborated on certain aspects of a transaction." Nuevo Mundo Holdings v. PwC LLP, 2004 U.S. Dist. LEXIS 780, *8 (S.D.N.Y. Dec. 9, 2004).

As the court explained in Nuevo Mundo Holdings, "[m]ember firms in an international accounting association are not part of a single firm and are neither agents nor partners of other member firms simply by virtue of using the same brand name." Id., 2004 U.S. Dist. LEXIS 780, *7. Accord Lernout & Hauspie Secs. Litig., supra, 230 F. Supp. 2d at 173 n.17 (court found that "Website's express declaration that each member of KPMG International is a 'separate and

independent legal entity' precludes any reasonable inference of apparent authority," and noted that "Plaintiffs make no argument that the 'status' of the various KPMG member entities vis a vis KPMG International should give them inherent agency powers. . . to bind the entire organization for their individual misstatements"); see Stutts v. De Dietrich Grp., 465 F. Supp. 2d 156, 165 (E.D.N.Y. 2006) (Buchi AG, a Swiss corporation was not subject to personal jurisdiction in New York, based on presence there of Buchi Analytical, a separate company which was listed on website as Buchi AG's U.S. "Partner"); In re Worldcom, Inc. Sec. Litig., 2003 WL 21488087, *10 (S.D.N.Y. June 25, 2003) (complaint " alleges only that AWSC is a Swiss Societe Cooperative and an 'umbrella organization for its member firms worldwide.' These bare allegations are insufficient to plead that Andersen acted as an agent of AWSC when it conducted the WorldCom audits, or to impute Andersen's knowledge or recklessness to AWSC"); Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 662 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999) ("While Klynveld's public relations materials suggest that Klynveld is a global firm or an international network of member firms, this fact neither justifies a legal finding of partnership nor supports Howard's assertion that Peat Marwick's acts in the United States should be attributed to Klynveld for the purposes of jurisdiction"); In re AM Int'l, Inc. Secs. Litig., 606 F. Supp. 2d 600, 607 (S.D.N.Y. 1985) ("Plaintiffs have sued various foreign affiliates of Price Waterhouse on the theory that all the Price Waterhouse firms world-wide are in fact one entity and acted as agents of one another. The Court rejects this argument" because no facts are alleged showing participation by foreign firms); Reingold v. Deloitte Haskins & Sells, 599 F. Supp. 1241, 1249 (S.D.N.Y. 1984) (court could not exercise personal jurisdiction over international accounting organization where plaintiff's claims related to conduct of Australian member firm which did not do business in the United States, maintained control of

its own operations, and handled its own clients; court found that "[t]here is no single worldwide DH&S firm. . . . DH&S International is an organization composed of a large number of affiliated accounting firms," and refused to attribute U.S. member firm's contacts to Australian firm for jurisdictional purposes); see also In re Royal Ahold N.V. Secs. & ERISA Litig., 351 F. Supp. 2d 334, 385 n.41 (D. Md. 2004) ("Deloitte U.S. and Deloitte Netherlands are legally distinct, autonomous firms and will be treated as such. . . . Plaintiffs' emphasis on the fact that the two firms shared a brand name and the corporate website described a 'global' firm are similarly unavailing. It is well recognized that member firms in an international accounting organization are not part of a single firm and are neither agents nor partners of other member firms simply by virtue of using the same brand name'") (citation omitted); see also "From The Big Four to Big Law: The Swiss Verein and the Global Law Firm, 22 Geo. J. Legal Ethics 1177, 1189 (2009) ("Sharing a brand name and a corporate website that speaks of a 'global' firm, as well as acting as 'sources of information' and 'coordinat[ing] efforts,' will not trump the 'well recognized' principle that 'member firms . . . are not part of a single firm. . . .'").

In this case, the Petition sets forth no facts which, if true, would make the exercise of personal jurisdiction over KWM in New York proper. Petitioners have not served KWM or KWM Hong Kong with process in New York; they have served only KWM NYC, an independent limited liability company which is not alleged to have made any payments to Duane Morris. And KWM Hong Kong, the member firm whose conduct Petitioners seek to challenge, is not subject to personal jurisdiction in New York because it has no office here, owns no property here, and does not solicit business here.

C.  The Exercise of Personal Jurisdiction Would Offend Due Process

Even if the exercise of personal jurisdiction over KWM or KWM Hong Kong could otherwise be sustained – and it cannot – it would offend due process. In deciding whether

personal jurisdiction can be asserted consistent with due process, courts weigh the following five factors: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the most efficient resolution of the controversy; and (5) the interests of the state in furthering substantive social policies." Bradley v. Staubach, 2004 U.S. Dist. LEXIS 6584, *15-16 (S.D.N.Y. Apr. 12, 2004). These factors militate against the exercise of jurisdiction here.

The burden on KWM Hong Kong would be substantial. It is a law firm with a single office in Hong Kong. It has engaged in no conduct directed towards New York and should not have to defend a lawsuit half-way around the world. Similarly, KWM – the umbrella organization – is based in Switzerland. The Petition attributes no conduct to KWM. Moreover, Deutsch is not a New York resident; this case does not arise out of anything that happened in New York; and Petitioners sustained no injury here. New York therefore has no interest that would be served if this proceeding were pursued here. Under the circumstances, the exercise of personal jurisdiction would not be consistent with due process.

POINT II

### THE PETITION FAILS TO STATE FACIALLY PLAUSIBLE CLAIMS OR TO MEET RULE 9(b)'S PARTICULARITY REQUIREMENTS

A pleading can only survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it pleads sufficient factual allegations "to state a claim to relief that is plausible on its face ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). To meet the facially plausible standard, a pleading must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Under this standard, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id., 556 U.S. at 678, 129 S. Ct. at 1949.

In addition to stating a facially plausible claim, Petitioners have an additional burden here. Because they have charged KWM with making a fraudulent conveyance with actual intent to defraud, they must also satisfy Fed. R. Civ. P. 9(b)'s particularity requirement. In re Sharp Int'l Corp., 403 F.3d 43, 56 (2d Cir. 2005) ("As 'actual intent to hinder, delay, or defraud' constitutes fraud, it must be pled with specificity, as required by Fed. R. Civ. P. 9(b)") (citation omitted); Kalimantano GmbH v. Motion in Time, Inc., 2013 U.S. Dist. LEXIS 53309, * 56 (S.D.N.Y. Apr. 12, 2013) ("Fraudulent conveyance claims must be pled with particularity sufficient to satisfy Rule 9(b)"); Royal Palm Senior Investors, LLC v. Carbon Capital II, Inc., 2009 U.S. Dist. LEXIS 57452,* 17 (S.D.N.Y. July 7, 2009) ("A party seeking to set aside a fraudulent conveyance under N.Y. D.C.L. Section 276 must plead an actual intent to defraud with particularity sufficient to meet the heightened standard of Rule 9(b)").

In recognition of the difficulty of proving actual intent to hinder, delay, or defraud creditors, "the pleader is allowed to rely on badges of fraud to support his case. . . ." In re Sharp Int'l Corp., 403 F.3d at 56 (citations and internal quotation marks omitted). The badges of fraud include "'a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; . . . and retention of control of the property by the transferor after the conveyance.'" Ibid. (citation omitted).

In Royal Palm Senior Investors, supra, the court dismissed a fraudulent conveyance claim for failure to plead facts from which an intent to defraud could be inferred. The gist of the claim was that a settlement was fraudulent because it was entered into the day after one of the parties

was served with an attachment order. In dismissing the claim, the court pointed out (2009 U.S. Dist. LEXIS 57452,*19):

> [t]he Complaint contains no allegations, aside from its timing, to indicate that the Settlement Agreement was not entered into in good faith. The mere fact that Mitchell was served with an Attachment Order in another action the day before the signing of the Settlement Agreement in this case does not overcome the conclusory nature of the allegation and does not suggest fraudulent intent.

Gauged by this standard, the Petition in this case does not satisfy the requirements of Rule 9(b). It alleges no facts indicating that KWM Hong Kong acted with fraudulent intent when it wired funds to Duane Morris in payment of its advance fee retainer. Nor are any badges of fraud alleged. The transfer was an arm's length transaction; it was made in the ordinary course of business; the consideration was reasonable; and the funds became the property of Duane Morris upon receipt.

Indeed, in contrast to <u>Royal Palm Senior Investors</u>, where the timing of the transaction was alleged to be suspicious because it occurred <u>after</u> an attachment order, the only transfer identified in the Petition occurred <u>before</u> any order had been entered authorizing a payment to Seiden. Moreover, the Petition does not set forth a single fact – as opposed to suspicion or surmise – which supports the allegation that KWM Hong Kong transmitted funds belonging to ZST. In fact, the only funds it transmitted came from another source – two individuals. Petitioners have no right to object to KWM Hong's transmission of funds which do not belong to ZST. Accordingly, their claims do not meet either Rule 9(b) or the lower facially plausible standard, and should be dismissed.

The other deficiencies in the Petition are the same as the deficiencies in the Petition filed against Duane Morris. Rather than repeat the arguments made in support of Duane Morris'

motion to dismiss, those arguments are incorporated herein.  (See Docket No. 13 CV 4571, Doc. Nos. 14, 19.)

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that the motion to dismiss this turnover proceeding should be granted in all respects.

Dated:  New York, New York
        August 15, 2013

                        DUANE MORRIS LLP

                        By: _/s/ Fran M. Jacobs_
                             Fran M. Jacobs
                             Kevin Potere
                        1540 Broadway
                        New York, NY  10036
                        (212) 692-1000
                        Attorneys for Garnishee
                            King & Wood  Mallesons