UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PETER E. DEUTSCH,                                            :

                Plaintiff/Petitioner, and          :   Case No. 13 CV 5460 (RPP)

RECEIVER ROBERT SEIDEN,                                      :

                Plaintiff/Petitioner,              :   REPLY DECLARATION IN
                                                       SUPPORT OF MOTION TO DISMISS
   -against-                                                 :

ZST DIGITAL NETWORKS, INC.,                                  :

                Defendant/Respondent,              :

   -and-                                                     :

KING & WOOD MALLESONS,                                       :

                Garnishee.                         :
-------------------------------------------------------------x

       Pursuant to 28 U.S.C. § 1746, Fran M. Jacobs, declares that the following facts are true and correct, subject to the laws against perjury of the United States of America:

       1.    I am a member of the firm Duane Morris LLP, attorneys for King & Wood Mallesons, "Garnishee" ("KWM"). I submit this reply declaration in further support of KWM's motion to dismiss this turnover proceeding pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) on the grounds that KWM is not subject to personal jurisdiction and that the petition fails to state a claim against KWM. The purpose of this declaration is to put before the Court the additional documents referred to in the accompanying memorandum of law.

       2.    Annexed hereto as Exhibit A is a copy of the transcript of proceedings in Delaware Chancery Court on August 23, 2013 in the matter entitled Deutsch v. ZST Digital Networks, Inc., Civil Action No. 8104-VCL. At the August 23, 2013 hearing, Petitioners'

counsel stated, "frankly, we only filed the turnover proceeding against Duane Morris to get them going. We have been begging them for months." (See Ex. A at p. 33.) In addition, Vice Chancellor Laster indicated that the Receiver's authority was limited and did not empower him to interfere with ZST's ability to pay counsel. Thus, in response to a concern about whether ZST could retain counsel, Vice Chancellor Laster questioned whether there "actually really was a ZST payment problem, which I don't think there is because of the scope of the receivership." (Id. at p. 32.) Notwithstanding the position Petitioners took in the Delaware Chancery Court proceedings, and the Vice Chancellor's own comments, Petitioners have tried to keep ZST's counsel from being paid through this turnover proceeding.

3. Annexed hereto as Exhibit B is a copy of a resolution dated August 1, 2013 which I understand was adopted by a ZST subsidiary under the direction of the Receiver. The resolution provides that the subsidiary "cease and desist all legal work with the law firms Duane Morris, King & Wood Mallesons and Harneys Westwood & Riegesl currently instructed." Petitioners have thus taken affirmative steps to interfere with ZST's relationship with its counsel.

4. Annexed hereto as Exhibit C is a print out from the entity database on the New York Secretary of State's website. It shows that Duane Morris LLP is a foreign registered limited laibility partnership organized under Delaware law. By contrast, a print-out from the same website shows that KWM New York is organized as a domestic limited liability company (see Ex. B to the Declaration of James Jiang, dated August 12, 2013) and not, as Petitioners contend, as the local office of a multi-office foreign partnership.

5. For the reasons set forth in KWM's memoranda of law, it is respectfully submitted that the Petition should be dismissed on both procedural and substantive grounds.

Dated: New York, NY
September 4, 2013

*Fran M. Jacobs*
FRAN M. JACOBS