UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PETER E. DEUTSCH,                                :

        Plaintiff/Petitioner, and          :   Case No. 13 CV 5460 (RPP)

RECEIVER ROBERT SEIDEN,               :

        Plaintiff/Petitioner,                   :   REPLY DECLARATION IN
                                                               SUPPORT OF MOTION TO DISMISS
   -against-                                        :

ZST DIGITAL NETWORKS, INC.,           :

        Defendant/Respondent,              :

   -and-                                                :

KING & WOOD MALLESONS,              :

        Garnishee.                                      :
-----------------------------------------------------------------x

     Pursuant to 28 U.S.C. § 1746, James Y. Jiang, declares that the following facts are true and correct, subject to the laws against perjury of the United States of America:

     1.   I am a partner in the New York firm of King & Wood Mallesons ("K&WM New York") and am admitted to practice in the State of New York and before this Court. I submit this reply declaration on behalf of King & Wood Mallesons, "Garnishee" ("KWM"), in further support of its motion to dismiss this turnover proceeding pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) on the grounds that KWM is not subject to personal jurisdiction and that the petition fails to state a claim against KWM. The facts set forth below are based on my personal knowledge.

     2.   Although Petitioners assert in their opposition papers that "King & Wood Mallesons serves as ZSTN's counsel in Hong Kong" (Memorandum of Law in Support of

Opposition to King & Wood Mallesons' Motion to Dismiss, "Opp. Mem.," p. 3; emphasis added), and they do not assert that KWM New York has ever taken any action on behalf of ZST, they seem to suggest that there is some connection between KWM New York and KWM Hong Kong because an attorney named Suan Ning is listed on KWM's website as working "out of both the Beijing and New York offices" of KWM. (Opp. Mem. p. 6.) Even if Ms. Ning did so, that would not establish that KWM New York acted as the agent of KWM or KWM Hong Kong. However, although her listing on the KWM website was not updated, Ms. Ning no longer works at KWM New York and has not worked here since prior to the start of 2013. Once Ms. Ning left KWM New York, KWM New York ceased to share in the revenue from her work.

3. The presence of a single attorney in both KWM New York and KWM Beijing would not, under any circumstances, indicate that KWM is not a Swiss Verein consisting of a network of independent offices. More importantly, it in no way undercuts the statement I previously made that KWM New York has never done any work for ZST or its shareholders, and is financially independent of KWM Hong Kong.

4. Finally, I cannot let pass Petitioners' assertion that the burden of defending this lawsuit on KWM Hong Kong would not be substantial because it is part of an "integrated partnership." (Opp. Mem. p. 10.) No one at KWM New York has any knowledge of the facts relevant to this matter. Accordingly, neither I nor either of the two other people who work at KWM New York could defend this proceeding if it were allowed to go forward. KWM Hong Kong would have to do so from half way around the world. That would indeed be a substantial burden.

Dated: New York, NY
September 4, 2013

_____
JAMES Y. JIANG

- 2 -

DM1\4141693.1